UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT S. GARNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-mc-28-KAC-JEM |
| GLOBAL PLASMA SOLUTIONS, INC., | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned on Global Plasma Solutions, Inc.'s Motion to Quash Subpoena to Assured Bio Labs, LLC [Doc. 1], filed on April 19, 2023, which United States District Judge Katherine A. Crytzer referred to the undersigned on May 23, 2023, pursuant to 28 U.S.C. § 636(b) [Doc. 8]. Defendant asks the Court to quash Plaintiff's subpoena to Assured Bio Labs, LLC pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure [Doc. 1].

On May 26, 2023, the undersigned issued an Order to Show Cause [Doc. 9], ordering Plaintiff to show cause why the Court should not grant Defendant's motion for Plaintiff's failure to respond. On July 12, 2023, Plaintiff filed a Response to the Court's Show Cause Order Regarding Defendant's Motion to Quash [Doc. 15]. Plaintiff relates that after reviewing Defendant's motion to quash and supporting brief as well as conferring with counsel for Defendant, Plaintiff is withdrawing the March 29, 2023 subpoena to Assured Bio Labs, LLC. Plaintiff submits that Defendant's motion to quash is therefore moot.

Based upon Plaintiff's representation that he is withdrawing the subpoena to Assured Bio Labs, LLC, the undersigned **RECOMMENDS**[1] that District Judge Crytzer **DENY AS MOOT** Defendant's Motion to Quash Subpoena to Assured Bio Labs, LLC [**Doc. 1**]. Should District Judge Crytzer agree with this recommendation, the undersigned further **RECOMMENDS** that she **DIRECT** the Clerk of Court to close the case because there are no remaining issues for the Court to resolve.

    Respectfully submitted.

Jill E. McCook
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).